FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/31/2022 11:42 AM
CLERK OF THE COURT
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

DANHUI ZHENG,

    Plaintiff,

v.                                    No.     D-202-CV-2022-01727

RICHARD CHARLES WALKER,
GRANT LEASING, LLC,
DAVE GRANT HAY INCORPORATED,
GRANT TRUCKING, LLC,
DAVE R GRANT COMPANIES, and
NATIONAL INTERSTATE INSURANCE COMPANY,

    Defendants.

## COMPLAINT FOR NEGLIGENCE AND OTHER CLAIMS

Plaintiff, Danhui Zheng ("Plaintiff"), complains of Defendant Richard Charles Walker ("Defendant Walker"), Defendant Grant Leasing, LLC ("Defendant Grant Leasing"), Defendant Dave Grant Hey Incorporated ("Defendant Grant Hey"), Defendant Grant Trucking, LLC ("Defendant Grant Trucking"), Defendant Dave R Grant Companies, Defendant National Interstate Insurance Company ("Defendant Insurer"), and John Doe Defendants, as follows:

### Parties

1. This lawsuit arises from a motor vehicle accident that occurred on or about October 21, 2020 in Bernalillo County, New Mexico.

2. The accident caused serious injuries and other damages to Plaintiff.

3. Plaintiff's injuries and other damages arose from the accident at issue, and occurred in Bernalillo County, New Mexico.

4. The claims forming the basis of this lawsuit arose from the accident, injuries and damages that occurred on or about October 21, 2020, in Bernalillo County, New Mexico.

**EXHIBIT A**

Plaintiff:

5.      Plaintiff resides in Los Angeles County, California.

6.      At the time of the accident, Plaintiff was a passenger in a 2016 semitruck.

Defendant Walker:

7.      On information and belief, Defendant Walker resides in Weber County, Utah.

8.      At the time of the accident in question, Defendant Walker was the driver/operator of a 2017 commercial semitruck, VIN 1XPBD49X3HD422500 ("Truck").

Defendant Grant Leasing:

9.      According to Bernalillo County Sheriff's Office Uniform Crash Report No. 710667442, the Truck was owned by Defendant Grant Leasing.

10.     Plaintiff believes Defendant Grant Leasing was leasing the Truck from, or operating the Truck on behalf of, Defendant Grant Hey and/or Defendant Grant Trucking.

11.     On information and belief, Defendant Grant Leasing is a Utah limited liability company.

12.     According to the State of Utah, Defendant Grant Leasing may be served with process through its registered agent, Dave R Grant, who maintains a registered address on behalf of Defendant Grant Leasing at 910 W. 24th Street, Ogden, UT 84401.

13.     On information and belief, Defendant Grant Leasing employs professional truck drivers, including Defendant Walker, to transport goods in interstate commerce in the United States.

14.     On information and belief, through its business activities, Defendant Grant Leasing maintains a systematic and continuous presence in New Mexico, and has minimum contacts with New Mexico arising from its business transactions.

15. On information and belief, Defendant Grant Leasing has not registered with the New Mexico Secretary of State to conduct business in New Mexico.

16. On information and belief, Defendant Walker was employed by, or was acting as an agent or apparent agent for Defendant Grant Leasing at the time of the accident at issue.

17. On information and belief, the accident at issue occurred while Defendant Walker was working in the course and scope of his employment, agency, or apparent agency with Defendant Grant Leasing, and the accident arose in connection with Defendant Grant Leasing's business activities in New Mexico.

<u>Defendant Grant Hey</u>:

18. On information and belief, Defendant Grant Hey is a Utah corporation.

19. According to the State of Utah, Defendant Grant Hey may be served with process through its registered agent, Dave R Grant, Jr., who maintains a registered address on behalf of Defendant Grant Hey at 910 W. 24th Street, Ogden, UT 84401.

20. On information and belief, Defendant Grant Hey employs professional truck drivers, including Defendant Walker, to transport goods in interstate commerce in the United States.

21. On information and belief, through its business activities, Defendant Grant Hey maintains a systematic and continuous presence in New Mexico, and has minimum contacts with New Mexico arising from its business transactions.

22. On information and belief, Defendant Grant Hey has not registered with the New Mexico Secretary of State to conduct business in New Mexico.

23. On information and belief, Defendant Walker was employed by, or was acting as an agent or apparent agent for Defendant Grant Hey at the time of the accident at issue.

24. On information and belief, the accident at issue occurred while Defendant Walker was working in the course and scope of his employment, agency, or apparent agency with Defendant Grant Hey, and the accident arose in connection with Defendant Grant Hey's business activities in New Mexico.

<u>Defendant Grant Trucking</u>:

25. On information and belief, Defendant Grant Trucking is a Utah limited liability company.

26. According to the State of Utah, Defendant Grant Hey may be served with process through its registered agent, Dave R Grant, who maintains a registered address on behalf of Defendant Grant Hey at 910 W. 24th Street, Ogden, UT 84401.

27. On information and belief, Defendant Grant Trucking employs professional truck drivers, including Defendant Walker, to transport goods in interstate commerce in the United States.

28. On information and belief, through its business activities, Defendant Grant Trucking maintains a systematic and continuous presence in New Mexico, and has minimum contacts with New Mexico arising from its business transactions.

29. On information and belief, Defendant Grant Trucking has not registered with the New Mexico Secretary of State to conduct business in New Mexico.

30. On information and belief, Defendant Walker was employed by, or was acting as an agent or apparent agent for Defendant Grant Trucking at the time of the accident at issue.

31. On information and belief, the accident at issue occurred while Defendant Walker was working in the course and scope of his employment, agency, or apparent agency with

Defendant Grant Trucking, and the accident arose in connection with Defendant Grant Trucking's business activities in New Mexico.

<u>Defendant Dave R Grant Companies</u>:

32.     Plaintiff understands that Defendant Dave R Grant Companies is affiliated with Defendants Walker, Grant Leasing, Grant Hey and Grant Trucking.

33.     On information and belief, Defendant Insurer provided a liability insurance policy for the Truck on the date of the accident at issue.

34.     Defendant Insurer's policy names "Dave R Grant Companies" as the named insured.

35.     On information and belief, Defendant Dave R Grant Companies may be served with process through Dave R Grant or Dave R Grant, Jr., who, together, act as the registered agents of Defendants Grant Leasing, Grant Hey and Grant Trucking, and maintain a common address at 910 W. 24th Street, Ogden, UT 84401.

36.     On information and belief, Defendant Dave R Grant Companies employs professional truck drivers, including Defendant Walker, to transport goods in interstate commerce in the United States.

37.     On information and belief, through its business activities, Defendant Dave R Grant Companies maintains a systematic and continuous presence in New Mexico, and has minimum contacts with New Mexico arising from its business transactions.

38.     On information and belief, Defendant Dave R Grant Companies has not registered with the New Mexico Secretary of State to conduct business in New Mexico.

39. On information and belief, Defendant Walker was employed by, or was acting as an agent or apparent agent for Defendant Dave R Grant Companies at the time of the accident at issue.

40. On information and belief, the accident at issue occurred while Defendant Walker was working in the course and scope of his employment, agency, or apparent agency with Defendant Dave R Grant Companies, and the accident arose in connection with Defendant Dave R Grant Companies' business activities in New Mexico.

Defendant Insurer:

41. On information and belief, Defendant Insurer is an insurance company domiciled in the State of Ohio.

42. Defendant Insurer is registered with the New Mexico Superintendent of Insurance, and was at all times material hereto authorized to conduct an insurance business in the State of New Mexico.

43. Defendant Insurer may be served with process through the New Mexico Superintendent of Insurance.

44. Defendant Insurer is joined as a party to this action pursuant to *Raskob v. Sanchez*, 1998-NMSC-045, 126 N.M. 394, 970 P.2d 580.

**Jurisdiction and Venue**

45. All prior allegations are incorporated as if fully set forth herein.

46. Plaintiff hereby voluntarily submits herself to jurisdiction over her person in New Mexico.

47. This Court has personal jurisdiction over the parties identified herein based on the location of the accident, injuries and damages, all of which occurred in Bernalillo County, New Mexico.

48. This Court also has personal jurisdiction over the Defendants identified herein because all Defendants have a systematic and continuous presence in New Mexico.

49. This Court also has personal jurisdiction over the Defendants identified herein because all Defendants have minimum contacts with New Mexico sufficient to create a substantial connection with the State of New Mexico.

50. This Court's exercise of personal jurisdiction over the parties identified herein complies with the New Mexico long-arm statute, NMSA 1978, § 38-1-16, and constitutional due process. *Visarraga v. Gates Rubber Co.*, 1986-NMCA-021, ¶ 14, 104 N.M. 143, 146, 717 P.2d 596, 599 ("The defendant's contacts with the forum state must be such that he should 'reasonably anticipate being haled into court there.'") (*citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

51. This Court has subject matter jurisdiction over the claims raised by this Complaint.

52. Venue is proper in the New Mexico Second Judicial District Court.

### Count I – Negligence/Recklessness

53. Prior allegations are incorporated as if fully set forth herein.

54. On or about October 21, 2020, Defendant Walker was driving/operating the Truck in Bernalillo County, New Mexico.

55. Defendant Walker pulled the Truck into a parking lot.

56. While waiting in the parking lot, another semitruck, in which Plaintiff was a passenger, pulled into the same parking lot and stopped.

57. Defendant Walker, in the course and scope of his employment, agency, or apparent agency with the other Defendants, then attempted to steer the Truck around the other semitruck and, in doing so, negligently and recklessly struck the other semitruck in which Plaintiff was a passenger.

58. Defendant Walker's negligence and recklessness caused injuries and other damages to Plaintiff including, but not necessarily limited to, medical expenses, pain and suffering, loss of enjoyment of life, lost earnings, and possibly others.

59. Defendant Walker is liable for Plaintiff's injuries and other damages caused by his negligence and recklessness.

60. Defendants Grant Leasing, Grant Hey, Grant Trucking and the Dave R Grant Companies are vicariously liable for Defendant Walker's negligence and recklessness.

61. Plaintiff respectfully requests that the finder of fact award full and fair compensation to Plaintiff for all of Plaintiff's injuries and damages caused by the accident, and also consider imposing punitive damages against Defendant Walker and the other Defendants.

Wherefore, Plaintiff respectfully seeks a judgment against Defendants, jointly and severally, for all damages caused by Defendant Walker's negligence and/or recklessness, for punitive damages, for Plaintiff's pre and post-judgment interest, for Plaintiff's costs, and for any further relief determined to be just and proper.

Respectfully submitted by:

Pacific Coast Trial Law Firm


/s/ Jessica Marshall
Jessica Marshall, *pro hac vice*
7380 Clairemont Mesa Blvd., Suite 200
San Diego, CA 92111
Tel: (858) 952-1901
Email: jessica@pacificlawoffice.com
*Attorney for Plaintiff*


And by:

Jackson Law, LLC

Wesley C. Jackson, Esq.
1121 4th Street NW, Suite 1A
Albuquerque, NM 87102
Tel: (505) 881-7676; Fax: (505) 998-6603
Email: wes@legalactionnm.com
*Local Counsel for Plaintiff*

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/31/2022 11:42 AM
CLERK OF THE COURT
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

DANHUI ZHENG,

    Plaintiff,

v.       No.      D-202-CV-2022-01727

RICHARD CHARLES WALKER,
GRANT LEASING, LLC,
DAVE GRANT HAY INCORPORATED,
GRANT TRUCKING, LLC,
DAVE R GRANT COMPANIES, and
NATIONAL INTERSTATE INSURANCE COMPANY,

    Defendants.

## DEMAND FOR SIX (6) PERSON JURY

Pursuant to Rule 1-038 NMRA, Plaintiff Danhui Zheng hereby demands a six (6) person jury and submits payment for same concurrently herewith.

Respectfully submitted by:

Pacific Coast Trial Law Firm

/s/ Jessica Marshall
Jessica Marshall, *pro hac vice*
7380 Clairemont Mesa Blvd., Suite 200
San Diego, CA 92111
Tel: (858) 952-1901
Email: jessica@pacificlawoffice.com
*Attorney for Plaintiff*

And by:

Jackson Law, LLC

_____
Wesley C. Jackson
1121 4th Street NW, Suite 1A
Albuquerque, NM 87102
Tel: (505) 881-7676; Fax: (505) 998-6603
Email: wes@legalactionnm.com
*Local Counsel for Plaintiff*

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/31/2022 11:42 AM
CLERK OF THE COURT
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

DANHUI ZHENG,

    Plaintiff,

v.                         No.     D-202-CV-2022-01727

RICHARD CHARLES WALKER,
GRANT LEASING, LLC,
DAVE GRANT HAY INCORPORATED,
GRANT TRUCKING, LLC,
DAVE R GRANT COMPANIES, and
NATIONAL INTERSTATE INSURANCE COMPANY,

    Defendants.

## ARBITRATION CERTIFICATE (NOT SUBJECT)

Pursuant to LR2-603(B), Plaintiff Danhui Zheng hereby certifies in good faith that her Complaint for Negligence and Other Claims, filed concurrently herewith, seeks a money judgment in excess of twenty-five thousand dollars ($25,000.00), exclusive of punitive damages, interest, costs and attorney's fees, and that this matter is NOT SUBJECT to mandatory arbitration.

Respectfully submitted by:

Pacific Coast Trial Law Firm

/s/ Jessica Marshall
Jessica Marshall, *pro hac vice*
7380 Clairemont Mesa Blvd., Suite 200
San Diego, CA 92111
Tel: (858) 952-1901
Email: jessica@pacificlawoffice.com
*Attorney for Plaintiff*

And by:

Jackson Law, LLC

_____
Wesley C. Jackson
1121 4th Street NW, Suite 1A
Albuquerque, NM 87102
Tel: (505) 881-7676; Fax: (505) 998-6603
Email: wes@legalactionnm.com
*Local Counsel for Plaintiff*

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/31/2022 11:42 AM
CLERK OF THE COURT
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

DANHUI ZHENG,
    Plaintiff,

v.

No. D-202-CV-2022-01727

RICHARD CHARLES WALKER,
GRANT LEASING, LLC,
DAVE GRANT HAY INCORPORATED,
GRANT TRUCKING, LLC,
DAVE R GRANT COMPANIES, and
NATIONAL INTERSTATE INSURANCE COMPANY

    Defendants

## AFFIDAVIT OF NON-ADMITTED LAWYER

STATE OF NEW MEXICO)

COUNTY OF BERNALILLO)

_Jessica N. Marshall_ (Non-admitted Lawyer) the affiant herein, having been duly sworn, states upon oath:

1. Affiant is admitted to practice law and is in good standing to practice law in _California_, (state, territory, country).

2. Affiant has complied with Rule 24-106 NMRA.

3. Affiant has associated with, _Jackson Law LLC_, counsel licensed to practice law in good standing in New Mexico.

_Jessica N. Marshall_/Affiant, being first duly sworn, states upon oath, that all of the representations in this affidavit are true as far as affiant knows or is informed, and that such affidavit is true, accurate and complete to the best of affiant's knowledge and belief.

DATED: _March 30_, 20_22_

        _Jessica N. Marshall_
        Affiant

SUBSCRIBED AND SWORN TO before me this _30th_ day of _March_, _2022_.

        _[signature]_
        NOTARY PUBLIC

My commission expires: _June 7, 2022_

KARI STOKES
Commission No. 2241920
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
Commission Expires June 7, 2022

\* See Attached Seal

# Jurat

> A notary public or officer completing this certificate verifies only the identity of the individual who signed the document to which the certificate is attached, and the truthfulness, accuracy, or validity of that document.

Sate of California
County of __San Diego__

Subscribed and sworn to (or affirmed) before me on this __30th__ day of __March__, 20__22__ by __Jessica N. Maeskell__

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature: _[signature]_

(Notary seal)
KARI STOKES
Commission No. 2241920
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
Commission Expires June 7, 2022

## OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

__Affidavit of Non-Admitted__
(Title or description of attached document)

__Lawyer__
(Title or description of attached document continued)

Number of Pages __1__   Document Date __3/30/22__

(Additional information)

### INSTRUCTIONS FOR COMPLETING THIS FORM

The wording of all Jurats completed in California after January 1, 2008 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one which does contain proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  - ❖ Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document.