**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**DANHUI ZHENG,**

      **Plaintiff,**

      **vs.**                                                            **Civ. No. 22-432 SCY/GBW**

**RICHARD CHARLES WALKER,
GRANT LEASING, LLC,
DAVE GRANT HAY INCORPORATED,
GRANT TRUCKING, LLC,
DAVE R GRANT COMPANIES, and
NATIONAL INTERSTATE INSURANCE COMPANY,**

      **Defendants.**

**<u>ORDER TO AMEND NOTICE OF REMOVAL</u>**

This matter comes before the Court sua sponte, following its review of the Notice of

Removal, filed by Defendants Richard Charles Walker, Grant Leasing, LLC, Dave Grant Hay

Incorporated, Grant Trucking LLC, Dave R Grant Companies, and National Interstate Insurance

Company on June 7, 2022. Doc. 1. Defendants removed this action to federal court citing

diversity jurisdiction. *Id.* ¶ 13. The Court has a duty to determine whether subject matter

jurisdiction exists sua sponte. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988). The Court, having considered the notice of removal, the applicable law, and being

otherwise fully advised in the premises, concludes that the notice of removal fails to allege the

necessary facts in order to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state

court over which the federal court would have original jurisdiction based on diversity of

citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

In this case, Defendants allege in the notice of removal that complete diversity of citizenship exists because:

- Plaintiff is a resident of the State of California. Doc. 1 ¶ 3.

- Defendant Richard Charles Walker is a resident of the State of Utah. *Id.* ¶ 4.

- Defendant Grant Leasing, LLC is a Utah limited liability corporation, with its principal place of business being in the State of Utah, and is therefore, a citizen of the State of Utah. *Id.* ¶ 5.

- Defendant Dave Grant Hay Incorporated is a Utah corporation, with its principal place of business being in the State of Utah, and is therefore, a citizen of the State of Utah. *Id.* ¶ 6.

- Defendant Grant Trucking LLC is a Utah limited liability corporation, with its principal place of business being in the State of Utah, and is therefore, a citizen of the State of Utah. *Id.* ¶ 7.

- Defendant Dave R Grant Companies is the shorthand designation for Defendants Dave Grant Hey Incorporated and Grant Trucking LLC. Defendant Dave R Grant Companies is not an entity. Both Dave Grant Hey Incorporated and Grant Trucking LLC are Utah entities with their principal place of business being in Utah. *Id.* ¶ 8.

- Defendant National Interstate Insurance Company is an Ohio corporation with its principal place of business in Ohio, and is therefore, a citizen of the State of Ohio. *Id.* ¶ 9.

There are several jurisdictional deficiencies in these allegations. First, residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th

Cir. 2014). A notice of removal need only include a plausible allegation that jurisdictional requirements are met. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-89 (2014). Nonetheless, this notice of removal does not include any allegations at all pertaining to the "citizenship" of Plaintiff and Defendant Richard Charles Walker. It is true that residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). But there being no other proof in the record indicating citizenship, a notice of removal that alleges only "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *See McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases).

Second, although the notice of removal states that Grant Leasing, LLC and Grant Trucking LLC are "corporations," these entities appear by name to be limited liability companies ("LLCs"), not corporations. An LLC is a distinct business entity that is neither a partnership nor a corporation. Determining the citizenship of an LLC is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC*, 781 F.3d at 1237-38 (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). If Grant Leasing, LLC and Grant Trucking LLC are indeed LLCs, the notice of removal fails to properly allege the citizenship of every LLC member.

Accordingly, the Court will give the removing Defendants the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix*

*v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS THEREFORE ORDERED** that Defendants amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than July 25, 2022.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed, the Court may remand this action back to state district court.

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**