IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANHUI ZHENG,

    Plaintiff,

v.                                                                          Civ. No. 22-432 SCY/GBW

RICHARD CHARLES WALKER
*et al.*,

    Defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM PLAINTIFF

THIS MATTER comes before the Court on Defendants' Motion to Compel Discovery from Plaintiff. *Doc. 48*. Having considered the Motion, the attendant briefing and declaration of Plaintiff's counsel (*docs. 52*, *53*, and *56*), and the parties' oral arguments, *see doc. 66*, the Court GRANTS the Motion IN PART and DENIES the Motion IN PART.

    **I.**    **BACKGROUND**

This proceeding is the result of a parking lot accident involving a semi-trailer truck in which Plaintiff was a passenger and another semi-trailer truck driven by Defendant Richard Charles Walker ("Walker"). Plaintiff filed suit in state court on March 31, 2022, *see doc. 1-1* at 1, and Defendants removed this case on June 7, 2022, *see*

*doc. 1* at 1.  Relevant here, Plaintiff brings negligence claims against Defendant Walker and his employer, Defendant Dave Grant Hay Incorporated.[1]  *See doc. 1-1* at ¶¶ 53-61.

Defendants filed their Motion to Compel Discovery from Plaintiff on March 21, 2023.  *Doc. 48*.  The Motion seeks to compel Plaintiff to fully respond to five requests for production ("RFP") served by Defendant Walker and one request for production served by Defendant Dave Grant Hay Incorporated, and for additional relief and sanctions based on the totality of Plaintiff's conduct during discovery.  *Id.*  Plaintiff's response to Defendants' motion to compel (*doc. 52*) was filed on April 4, 2023, concurrently with Plaintiff's attorney's declaration in support of Plaintiff's response (*doc. 53*).  The Motion was fully briefed on April 18, 2023, *see doc. 58*, with the filing of Defendants' reply, *see doc. 56*.  The Court held a hearing on the Motion on June 21, 2023.  *See doc. 66*.

## II.   LEGAL STANDARDS

When a party fails to respond to another party's discovery requests, the requesting party may move the Court to compel a response.  Fed. R. Civ. P. 37(a)(3)(B).  Grounds to compel include failing to produce a document requested under Rule 34.  *Id.*  Responses that are evasive or incomplete constitute a failure to respond.  Fed. R. Civ. P. 37(a)(4).  If the Court grants a motion under Rule 37(a), it must also require the responding party to pay the requesting party's reasonable expenses incurred in

---

[1] Plaintiff originally brought claims against four additional Defendants that she has since voluntarily dismissed.  *See docs. 12, 26.*

making the motion, including attorney's fees, unless the responding party's objection was substantially justified or the requesting party did not attempt in good faith to resolve the discovery dispute without judicial intervention. Fed. R. Civ. P. 37(a)(5).

### III. ANALYSIS

#### A. Standard for "Possession, Custody, or Control" under Rule 34

Responding parties have an affirmative duty under Rule 34 to conduct a diligent search for reasonably available information that is in their possession, custody, or control. Fed. R. Civ. P. 34(a); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 626 (D. Colo. 2007); *Ice Corp. v. Hamilton Sundstrand Corp.*, 245 F.R.D. 513, 516 (D. Kan. 2007). A party seeking to compel production bears the burden of proving that the responding party has control within the meaning of Rule 34. *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 653 (D. Kan. 2004). "Control" is broadly construed as "the legal right, authority, or practical ability to obtain the materials sought upon demand." *United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572, 590 (D.N.M. 2015) (quoting *S.E.C. v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000)); *see also Ice Corp.*, 245 F.R.D. at 516 (stating that "[c]ontrol comprehends not only possession but also the right, authority, or ability to obtain . . . documents" (quoting *Super Film of Am., Inc.*, 219 F.R.D. at 651)). Consequently, "control" encompasses more than a party's actual possession of requested materials. *Ice Corp.*, 245 F.R.D. at 516.

A response to a request for production of documents is incomplete when it does not include all documents that the responding party has the practical ability to obtain, *see Landry v. Swire Oilfield Servs., LLC*, 323 F.R.D. 360, 382 (D.N.M. 2018); *In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007), or when a party does not produce responsive documents and does not explain why she does not have possession, custody, or control of them, *see Ochotorena v. Adams*, No. 1:05-cv-01524-LJO-DLB PC, 2009 WL 1953502, at *3 (E.D. Cal. July 7, 2009); *Rains v. Westminster Coll.*, Case No. 2:20-cv-00520, 2022 WL 299623, at *2 (D. Utah Feb. 1, 2022).  If a party is unable to respond to a request for production because responsive documents do not exist, she should affirmatively state that she made a reasonable effort to locate documents in her possession, custody, or control and affirm that she has produced all responsive documents.  *Fed. Trade Comm'n v. Affiliate Strategies, Inc.*, No. 09-4104-JAR, 2011 WL 251449, at *3 (D. Kan. Jan. 26, 2011); *Mobley v. City of Detroit*, Civil Action No. 10-10675, 2011 WL 4434721, at *1-2 (E.D. Mich. Sept. 23, 2011).  If a responding party instead objects to an RFP, her objection must state whether she is withholding any responsive materials on the basis of the objection and permit inspection of documents relevant to any part of the request that is not covered by the objection.  Fed. R. Civ. P. 34(b)(2)(C).

### B. Application to Plaintiff's Discovery Responses

The relevance and proportionality of the discovery requests at bar are not in dispute, so the Court limits its analysis to the sufficiency of Plaintiff's discovery

responses. The Court finds that, viewed under the foregoing standards for "control" under Rule 34, Plaintiff's responses to the requests at issue are inadequate. The Court will address each category of requested documents separately.

i. *Tax Forms*

Defendant Dave Grant Hay, Inc.'s RFP 13 requests Plaintiff to "produce all W-2 forms, 1099 forms, and other evidence and documents of earnings from whatever source indicating earnings for the years 2016 through 2021, inclusive." *Doc. 48-6* at 2. In the time since the Motion was filed, Plaintiff has voluntarily dismissed her damages claims for lost earning capacity and lost wages. *See doc. 69*. As Defendants have conceded that the dismissal of Plaintiff's lost earning capacity and lost wages claims renders RFP 13 irrelevant, *see doc. 66* at 2, the Court denies the Motion with respect to this request.

ii. *Medical Cards and Medical Examiner's Certificates*

Defendant Dave Grant Hay, Inc.'s RFP 16 requests Plaintiff to produce copies of the long and short form of all of her Department of Transportation Medical Cards and Medical Examiner's Certificates effective on October 21, 2018, through the present, and all documents and records related to the issuance of such medical cards and certificates. *Doc. 48-6* at 2-3. After initially producing the long form of her 2022 certification and the short form of her 2020 certification, *see doc. 48-1* at 3, Plaintiff served an amended

5

discovery response that states she is not in possession of any responsive documents not already produced, *doc. 48-6* at 3.

Defendants contend that: (1) Plaintiff is a licensed commercial truck driver who is required to prepare a long and short form for her Department of Transportation Medical Cards and Medical Examiner's Certificates in order to maintain her license, (2) the trucking company for which Plaintiff works, Meidi Arrival Inc., is owned by Plaintiff, and (3) if the requested information is not in Plaintiff's actual possession, Plaintiff could obtain the requested information from her medical provider. *See doc. 48* at 7. Plaintiff does not dispute any of these contentions, *see generally doc. 52*, so the Court finds that Plaintiff presumptively has control over the requested materials within the meaning of Rule 34—i.e., that Plaintiff has either the legal right, authority, or practical ability to obtain them. *See 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. at 590.

As set forth above, a responding party's discovery obligations under the Federal Rules require it to undertake a diligent search for responsive materials within its control. *See* Fed. R. Civ. P. 34(a)(1). Plaintiff acknowledges that one would expect her to have kept the requested documents, but she disavows having actual possession of additional responsive documents because she is "an unsophisticated Chinese woman" who "[u]nfortunately . . . did not keep all documents." *Doc. 52* at 2. Plaintiff's explanation is unsatisfactory because it does not describe her search strategies in

6

enough detail for the Court to determine whether she diligently searched for responsive materials, including, if necessary, contacting third parties. *See Rains*, 2022 WL 299623, at *2 (finding that a responding party did not demonstrate that it met its discovery obligations where its description of its search was "too vague to permit the court to determine whether a diligent search was conducted"); *Landry*, 323 F.R.D. at 397 (finding that a responding party had "control" over requested records in a third party's possession because the responding party had the practical ability to request and receive the records). Therefore, the Court will order Plaintiff to undertake a diligent search for materials responsive to Defendant Dave Grant Hay, Inc.'s RFP 16 and produce responsive documents in her possession, custody, or control, consistent with the standards set forth above.

Plaintiff is reminded of her duty to acquire responsive documents from third parties that she has the practical ability to obtain; it is insufficient for her to merely execute authorizations permitting Defendants to acquire responsive materials from third parties when she can acquire them herself with less effort. *See S2 Automation LLC v. Micron Tech., Inc.*, No. CIV 11-0884 JB/WDS, 2012 WL 3656454, at *16 (D.N.M. Aug. 9, 2012) (stating that "[c]ourts will also find that documents are within a party's control [if the party] has 'the practical ability to obtain the documents,' particularly when the opposing party does not have the same practical ability to do so") (quoting *Scherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007)). If, after a

diligent search, Plaintiff is unable to produce any documents in addition to what she has already produced, she must submit a supplemented response to RFP 16 which provides an explanation of the steps she has taken to identify, locate, and/or acquire responsive materials.

            iii.    *Investigative Reports*

Defendant Dave Grant Hay, Inc's RFP 17 requests "[f]or the vehicle and trailer involved in this lawsuit" "any Driver/Vehicle Examination Reports, and/or any other investigative reports, prepared by any state or federal agency, and/or any third party" that investigated the accident. *Doc. 48-6* at 3. Plaintiff initially responded to RFP 17 by stating that she "[did] not have access to [the requested] information without a subpoena" and suggesting that the requested information might be equally accessible to Defendants as it was to her. *Id.* at 3. Defendants prepared a subpoena for Meidi Arrival, the company that owns the trailer at issue, and served it on Plaintiff after discovering that she was the registered agent for service for Meidi Arrival. *See doc. 48* at 8. Then, Plaintiff amended her response to state that "[a]fter a diligent search and a reasonable inquiry," she is not in possession, custody, or control of any responsive documents. *Doc. 48-6* at 4.

Plaintiff's amended response to RFP 17 suffers from the same inadequacies as her amended response to RFP 16—namely, it does not provide sufficient information about Plaintiff's search efforts for the Court or Defendants to determine whether Plaintiff

undertook a diligent search for responsive documents or whether any investigative reports about the accident may exist.[2]  *See id.* at 3-4.  Given that Plaintiff is the owner of the company that owns the semi-trailer involved in the accident, *see doc. 48-10* at 1-3, any investigative reports generated about the accident are presumptively within her ability to obtain from third parties with reasonable effort, if not in her actual possession. The Court will therefore order Plaintiff to respond fully to Defendant Dave Grant Hay, Inc's RFP 17 by either producing additional responsive documents or otherwise amending her response to detail the steps she has taken to search for and acquire responsive documents within her possession, custody, or control, including by making requests of third parties if appropriate.

iv.    *Driver Files*

Defendant Dave Grant Hay, Inc.'s RFP 20 requests "all driver files Meidi Arrival, Inc. created and maintained on [Plaintiff's] behalf pursuant to 49 CFR Sections 382, 383, and 391" such as Plaintiff's driver application, qualification file, and background investigation.  *Doc. 48-6* at 4.  Plaintiff initially produced certain documents and suggested that additional responsive documents might exist but were not in her possession and would be equally accessible to Defendants.  *See id.*  Following

---

[2] Although Plaintiff's initial response that she "[did] not have access to this information without a subpoena" suggests that responsive documents exist, *see doc. 48-6* at 3, Plaintiff's counsel explained at the June 21, 2023, Motion Hearing that she is not aware of any investigative reports having been generated, except for a traffic collision report that Defendants have already acquired, *see doc. 66* at 3.

9

Defendants' request for supplementation, Plaintiff amended her response to state that she "is not in possession, custody or control of any responsive documents that have not been previously produced." *Id.* at 5.

Plaintiff's amended response to RFP 20 gives no indication of what efforts, if any, Plaintiff made to search for responsive documents. Notably, given that many of the requested documents were legally required to be produced or retained by either of Plaintiff or her company, *see* 49 C.F.R. §§ 382.401, 383, 391.51, Plaintiff's discovery responses, instant response brief, and oral arguments shed no light on how Plaintiff and her company lost possession of responsive documents, or why they never had them in the first place. Therefore, the Court will order Plaintiff to fully respond to RFP 20 by producing all responsive documents that are in her possession, custody, or control. To the extent any responsive documents are no longer in Plaintiff's possession, custody, or control, Plaintiff shall amend her response to detail her search methods and provide information about the disposition of said documents (e.g., explain why such documents were never created, how Plaintiff or her company came to lose possession of them, and/or why it is not possible for Plaintiff to acquire them from a regulatory entity).

      v.    *Accident Scene Video*

Defendant Richard Charles Walker's RFP 7 requested Plaintiff to "produce any and all photographs and videotapes depicting the scene of the accident . . . or any of the vehicles involved, taken either before or after the accident." *Doc. 48-13* at 2. Defendants

10

request the Court to order Plaintiff to fully respond to RFP 7 by producing a video of the scene of the accident allegedly taken by Plaintiff's husband after the accident. *Doc. 48* at 10.

The existence of this video is in question. Plaintiff's husband, Chunbo Deng, testified at his deposition that he took a video "after the accident." *See doc. 48-14* at 39:21-40:08. Defendants then propounded interrogatories aimed at obtaining more information about the video mentioned by Mr. Deng, but Plaintiff's interrogatory responses stated only that Mr. Deng "did not take any video *of the accident*," *see doc. 48-15* at 2 (emphasis added), thereby leaving unanswered the question of whether Mr. Deng took a video *after* the accident. Plaintiff's response to the instant Motion does not provide any clarity; it states only that "Plaintiff's attorney does not have video of the accident or after the incident" and "Plaintiff's attorneys believe Plaintiff's husband was mistaken in his deposition." *See doc. 52* at 2. At the June 21, 2023, Motion Hearing, Plaintiff's counsel explained that she has asked Plaintiff and Mr. Deng for the video referenced by Mr. Deng in his deposition, but they responded that they do not have it. *See doc. 66* at 3.

Plaintiff has not provided a satisfactory response to RFP 7 to the extent it requests her to produce any video taken by Mr. Deng following the accident. Due to the unresolved uncertainty surrounding whether the video was produced by Mr. Deng, and if so, its subsequent disposition, the Court will order Plaintiff to prepare and serve

11

on Defendants a signed affidavit that clearly explains: 1) whether Mr. Deng did or did not take a video after the accident, 2) if Mr. Deng did take a video, the efforts Plaintiff has made to locate the video, and 3) if the video is no longer in Plaintiff's possession, custody, or control, a detailed explanation of its disposition. Additionally, if Mr. Deng took a video after the accident, Plaintiff must diligently search for it and produce it to Defendants if she is able to locate it.

      vi.  *Vehicle Inspection*

Defendant Dave Grant Hay, Inc.'s RFP 1 requests Plaintiff to "make available for physical inspection the tractor and trailer you allege you were in at the time of the accident at issue, including a download and analysis of data contained within the tractor's ECM." *Doc. 48-6* at 1. Plaintiff initially responded that she did not have possession of the truck and suggested it was equally accessible to Defendants, *see doc. 48-6* at 1-2, but later admitted that she and her husband still have the truck and store it in a designated parking lot, *see doc. 48-9* at 38:23-39:08. Plaintiff has now disclosed the location of the truck to Defendants and agreed to work with Defendants to schedule a physical inspection. *See doc. 52* at 2; *doc. 53* at ¶ 3. Defendants acknowledge Plaintiff's agreement to schedule a physical inspection of the trailer, but they nevertheless request the Court to compel Plaintiff to fully cooperate with Defendants in scheduling the inspection and to make both the inside and outside of the truck available for Defendants' inspection, "given Plaintiff's conduct in this case." *See doc. 56* at 2-3.

The Court finds that Defendants' request is reasonable in light of Plaintiff's above-discussed vague, nonresponsive, and at times misleading discovery responses. The Court will therefore grant the Motion as to Defendant Dave Grant Hay, Inc.'s RFP 1.

          vii.    *Additional Relief and Sanctions*

Defendants request their attorneys' fees and costs incurred in attempting to recover responsive material from Plaintiff pursuant to Rule 37. *Doc. 48* at 11. Defendants also argue that additional sanctions may be warranted, including an adverse jury instruction or dismissal of Plaintiff's claims with prejudice, based on "Plaintiff['s] . . . track record of dilatory conduct" and "course of deliberate, intentional, and willful conduct in violation of the Federal Rules." *Id.* at 10-11.

Pursuant to Federal Rule of Civil Procedure 37, if a motion to compel is granted, the Court must grant the movant an award of his reasonable expenses incurred in filing the motion, including attorney's fees, unless certain circumstances apply. Fed. R. Civ. P. 37(a)(5)(A). Here, the Court finds that Defendants' expenses associated with their Motion to Compel should be borne by Plaintiff rather than Defendants. When responding to the discovery requests at issue, Plaintiff either did not undertake a diligent search for materials in her possession, custody, or control—including by requesting materials from third parties when she had the ability to do so—or she did not sufficiently explain what efforts she took to perform a diligent search and produce

13

materials.  Plaintiff's discovery obligations required her to perform a diligent search in the first place, without the filing of a motion under Rule 37.  Because Plaintiff failed to discharge her discovery obligations in the first instance, the Court will require her to pay Defendants' attorneys' fees and costs associated with their Motion to Compel briefing and the June 21, 2023, Motion Hearing.  The Court does not address Defendants' requests for additional sanctions, as the conduct underlying these requests is the same conduct underlying Defendants' first and second Motions to Dismiss for Discovery Abuses (*docs. 33, 45*) which are pending before the presiding Magistrate Judge.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Discovery from Plaintiff (*doc. 48*) is DENIED IN PART AS MOOT as to Defendant Dave Grant Hay, Inc.'s RFP 13 and GRANTED IN PART as to all other discovery requests.

**IT IS ORDERED:**

i.  Plaintiff shall perform a diligent search for materials responsive to the subject discovery requests, except RFP 13, that are in her possession, custody, or control;

ii. Plaintiff shall provide supplemented discovery responses to Defendants within **thirty (30) days of the entry of this Order.**  To the extent any responsive materials are not in Plaintiff's possession, custody, or control, Plaintiff must explain to Defendants, in detail and in writing, what steps she took to search for the requested documents and the reason(s) why she lacks possession, custody, or control of them;

iii.      Plaintiff shall provide an affidavit to Defendants **within thirty (30) days of the entry of this Order** clarifying whether Mr. Deng took a video of the scene of the accident, and, if he did, explaining what steps she took to search for the video and the reason(s) why she lacks possession, custody, or control of it;

iv.      **Within fourteen (14) days of the entry of this Order,** Defendants shall submit an affidavit detailing the reasonable attorney's fees and costs expended in briefing this Motion and presenting oral argument on June 21, 2023. Any response to Defendants' fees affidavit shall be filed by Plaintiff **no later than seven (7) days** after the filing of the affidavit.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE