IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANHUI ZHENG,

    Plaintiff,

v.                                                                                                  Civ. No. 22-432 SCY/GBW

RICHARD CHARLES WALKER
et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS TO DISMISS

This case arises from a motor vehicle accident between two semi-trucks that occurred in a parking lot on October 22, 2020. Compl. ¶¶ 55-57. Plaintiff alleged she suffered neck and back pain from the accident. Defendants contend Plaintiff failed to disclose preexisting injuries to her back and neck that existed since at least 2019. Defendants further claim that Plaintiff misrepresented the amount of her past wages as it pertains to her claim for loss of earning capacity. Defendants filed two motions to dismiss Plaintiff's lawsuit related to these issues, arguing that Plaintiff made deliberate misrepresentations during discovery and should be sanctioned. Docs. 33 & 45.

The Court denies both motions. First, the Court does not conclude that Plaintiff clearly or deliberately misrepresented her injuries in interrogatory answers. And although Plaintiff gave incorrect answers in her deposition, it did not prejudice Defendants. Second, because Plaintiff has voluntarily dismissed her claims related to lost wages and loss of earning capacity, the Court denies as moot the request to dismiss those claims as a sanction.

I.      **Legal standard**

Dismissal "is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (internal quotation marks omitted). "Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (internal quotation marks omitted).

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 920-21 (cleaned up).

II.     **Preexisting injuries**

Defendants contend that Plaintiff did not truthfully answer interrogatories and deposition questions about her preexisting injuries. In interrogatory answers, Plaintiff alleged she "suffered from neck and back pain from the accident." Doc. 33-1 at 6. Defendants argue that they served interrogatories and asked Plaintiff questions at her deposition aimed at uncovering whether she had relevant preexisting injuries prior to the accident, but Plaintiff did not disclose any information about preexisting injuries. Yet, Defendants point to a medical record from July 18, 2019—predating the accident by over a year—which reflects that Plaintiff complained of neck pain, lower back pain, and nerve/sciatic pain. Doc. 33-3. Therefore, Defendants contend, Plaintiff lied in discovery.

Resolving this contention requires a careful look at what Defendants actually asked, and what Plaintiff answered.

  A. <u>Interrogatory No. 3.</u>

First, Defendants point to Interrogatory No. 3, which asked:

> If you have ever suffered any serious physical or psychological injuries of *any* nature, <u>before</u> the incident referred to in your Complaint, state the date, place and a description of each such injury, and the names and addresses of all your treating health care providers, including physicians, surgeons, osteopaths, psychologists, chiropractors, hospitals, clinics, in- or out-patient facilities, and dentists.

Doc. 33-1 at 2. Plaintiff objected and answered:

> This Interrogatory is also vague in that it seeks information about "serious" injuries, which is a subjective term that may have different interpretations. Subject to and without waiving these objections, Plaintiff does not recall having suffered any serious physical or psychological injuries in the five (5) years prior to the subject accident.

*Id.* at 3.

Based on the evidence before it, the Court cannot conclude that Plaintiff made misrepresentations when answering this interrogatory. Although Plaintiff did not disclose preexisting neck pain, lower back pain, or nerve pain, such information was arguably nonresponsive to the interrogatory. For instance, without knowing that a serious or acute injury caused Plaintiff's neck, back, or nerve pain, it is not clear that she should have disclosed it in reference to an interrogatory asking about "serious" injuries. Further, although Defendants note that Plaintiff complained of neck, back, and nerve pain on July 18, 2019, the Court has insufficient information about the level and frequency of this pain to determine whether it qualifies as serious. That is, the Court has insufficient information to determine whether the complaint Plaintiff made in 2019 was a passing reference to minor pain or was the product of a serious injury. Accordingly, the Court finds this interrogatory response does not, on its face, demonstrate that Plaintiff made misrepresentations in discovery.

  B. <u>Interrogatory No. 4</u>

Next, Defendants point to Interrogatory No. 4, which asked:

> Prior to October 21, 2020, were you suffering from any physical injuries, mental health injuries, or physical limitations of any kind? If you have, please list and describe in detail.

Doc. 33-1 at 3. Again, Plaintiff objected and answered:

> Subject to and without waiving these objections, Plaintiff understands this Interrogatory as asking whether she was experiencing any physical injuries, mental health injuries, or physical limitations of any kind at the time of the subject accident. With that understanding, Plaintiff's answer is "no."

*Id.* at 3-4.

The Court finds that Plaintiff's answer that she was not suffering from physical injuries, mental health injuries, or physical limitations *at the time of the accident* is not clearly inconsistent with a medical record showing complaints of pain *a year prior to* the accident. While Plaintiff's answer was not responsive to the interrogatory—which requested information about injuries at all times prior to the accident—Defendants do not request any relief with respect to the fact that Plaintiff's answer was nonresponsive. A facially unambiguous answer which clarifies the extent to which it is, and is not, responsive to the interrogatory is not the same thing as a misrepresentation. Defendants do not demonstrate that the limited, not-fully-responsive answer Plaintiff gave was a knowing misrepresentation.

    C.    <u>Deposition</u>

In her deposition, Plaintiff described the symptoms she was experiencing with neck and back pain and sciatic pain, and then answered this series of questions:

> Q. By the way, did you have this neck pain or back pain or sciatic pain before this accident?
>
> A. No.
>
> Q. The ne[ck] pain, the back pain, and the sciatic pain that you described down your leg, those are things that are new because of this accident?
>
> A. Yes.

….

Q. The lower back pain and the nerve pain down your leg that happened because of this accident; right?

A. Yes.

Q. You didn't have low back pain and nerve pain down your right leg before the accident?

A. Yes.

Q. Yes, that's correct?

THE INTERPRETER: Yes, that's correct.

Q. Same question with the neck. The neck pain that you have you're saying that's caused by this accident, you didn't have it before the accident?

A. Yes.

Doc. 33-2 at 2, 6.

Unlike with the interrogatory answers, the Court agrees with Defendants that Plaintiff's deposition answers clearly and incorrectly represented she never experienced neck, lower back, or nerve pain before the accident. But under the *Ehrenhaus* factors, dismissal of the case is not justified.

First, any unfair prejudice these incorrect answers caused Defendants is minimal. Defendants' counsel obviously knew going into the deposition that Plaintiff had experienced neck, back, and nerve pain before the accident, and was prepared with the relevant medical record to cross-examine her. Doc. 33-2 at 6. Defendants do not claim to have relied on Plaintiff's incorrect answers and, given Defendants knew they were not true at the time Defendants asked about them, the Court has no reason to believe Defendants relied on them. Second, the incorrect deposition answers have not caused any interference with the judicial process, nor did it affect the readiness of the case for trial. Third, the culpability of the litigant is a neutral factor. While the Court agrees with Defendants that it is unlikely Plaintiff simply forgot she experienced neck

5

and back pain prior to the accident, Plaintiff contends that she "answered to the best of her ability and as she understood the question." Doc. 35 at 4. Plaintiff argues that "[w]hile Plaintiff did previously treat for back pain, Plaintiff did not have a condition similar to the one that she is experiencing now." *Id.* at 6. These are disputes better left for the trier of fact rather than justifying the harsh sanction of dismissal. Fourth, the court had not warned Plaintiff in advance that dismissal of the action would be a likely sanction for impeachable deposition answers. Fifth and finally, the Court does not consider the efficacy of lesser sanctions, because Defendants do not ask for any.[1]

### D. Physical examination medical history

Finally, Defendants argue that Plaintiff underwent a physical examination on June 15, 2022, during which she was required to answer a series of questions about her medical history. Doc. 33-4. In her deposition, Plaintiff affirmed that she filled out this physical exam form herself. Doc. 33-2 at 7. In the form, Plaintiff denied that she was experiencing or had ever experienced "neck or back problems" and denied that she was taking blood pressure medication. *Id.* at 2. As covered above, Plaintiff testified she experienced neck and back pain as a result of the 2020 accident. Plaintiff also testified in her deposition and averred in her interrogatory answers that she was taking blood pressure medication at the time of the accident and on the date of her deposition. Doc. 33-2 at 5. Although Defendants provide strong evidence that information Plaintiff provided on the medical form she filled out is inconsistent with information Plaintiff provided in depositions and in her interrogatory responses, Defendants do not explain how these

---

[1] Nonetheless, this Order should not be construed as limiting Defendants' use of Plaintiff's answers for impeachment purposes at trial.

inconsistencies unfairly prejudiced them, much less unfairly prejudiced them so much that the drastic sanction of dismissal is appropriate.

Accordingly, the Court denies Defendants' request to dismiss Plaintiff's claims as a sanction for Plaintiff's alleged misrepresentation of her medical history.

**III.    Lost wages**

Defendants also contend that Plaintiff misrepresented her income before the accident. In interrogatory answers, she asserted her personal monthly income "was around $9,000.00" and the "total wage loss will be 22 months, which is $198,000.00." Doc. 33-1 at 5. In the same interrogatory answers, Plaintiff asserted "Plaintiff earned between $350,000 and $400,000 per year. Plaintiff is seeking $350,000 in lost future wages." *Id.* at 6.[2] Plaintiff repeated that she earned $9,000 a month during her deposition. Doc. 33-2 at 8. Plaintiff then stated variously—and confusingly—that she reports all her income to the federal government but also admitted that she "doesn't file high income in [her] tax return." Doc. 33-2 at 8. According to her tax returns, Plaintiff's salary was $7,115 in 2018 and just over $40,000 in 2019 and 2020. Doc. 33 at 5; Doc. 33-5.

In their supplemental motion, Defendants note that despite Plaintiff's claim of being unable to work as a result of the accident, she was in fact still working. Plaintiff repeated multiple times that she was unable to work as a result of the accident. Doc. 45 at 2; *see* Doc. 45-1 at 2; Doc. 45-2 at 1. However, Defendants discovered Plaintiff was still using her commercial driver's license to work as a truck driver in 2022. Doc. 45-4.

---

[2] Plaintiff does not reconcile the inconsistent math between a monthly income of $9,000, which would total $108,000 per year, and the claim that her yearly income was between $350,000 and $400,000 a year.

After the motions were briefed, Plaintiff voluntarily dismissed her claims for lost wages, future lost earning capacity, and punitive damages. Docs. 68 & 69. Because Plaintiff voluntarily dismissed the claims for which Defendants seek dismissal as a sanction, the Court denies the relief requested in the motion and supplemental motion as moot. To the extent Defendants argue the entire case should be dismissed because Plaintiff misrepresented the evidence with respect to the voluntarily-dismissed claims, the Court disagrees. Defendants do not argue they suffered any unfair prejudice that dismissal of these claims has not cured.

## CONCLUSION

Defendants' Motion To Dismiss For Plaintiff's Abuses Of The Discovery Process (Doc. 33) and Defendants' Second/Supplemental Motion To Dismiss For Plaintiff's Abuses Of The Discovery Process (Doc. 45) are DENIED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE